a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| VLAD STINSON #089252161,<br>Plaintiff | CIVIL DOCKET NO. 1:20-CV-01313<br>SEC P |
| VERSUS | JUDGE DAVID C. JOSEPH |
| WILLIAM BARR ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a "Verified Petition for a Writ of Habeas Corpus and Complaint for Declaratory Relief and Motion for Immediate Rule to Show Cause Hearing" (ECF No. 1) under 28 U.S.C. § 2241 filed by Petitioner Vlad Stinson ("Stinson"). Stinson is a detainee in the custody of the U.S. Immigration and Customs Enforcement ("ICE"). He challenges his continued detention pending removal.

Because Stinson cannot show that he is uniquely entitled to the relief sought, his Petition should be DENIED and DISMISSED WITHOUT PREJUDICE.

I. Background

Stinson is a native and citizen of Russia. ECF No. 1 at 3. He entered the United States in 2001 on a K2 visa as a child of a parent entering on a K1 fiancée visa. Stinson eventually became a lawful permanent resident. ECF No. 5-1 at 1.

In 2017, Stinson pleaded guilty to second-degree rape and second-degree sexual abuse. Stinson was ultimately detained by ICE and placed in removal proceedings. ECF No. 5-1 at 1.

On January 16, 2020, Stinson was ordered removed, and he did not appeal. ECF No. 5-1 at 2; No. 1 at 5. Therefore, Stinson has been in "post-removal order detention" since January 16, 2020.

## II. Law and Analysis

### A. The custodian is the proper Respondent.

Stinson names several Defendants in his Petition. However, the immediate custodian is the only proper respondent in a § 2241 petition. *See Rumsfeld v. Padilla*, 542 U.S. 426, 433-44 (2004).

### B. Stinson's detention does not violate the Due Process Clause.

It is presumptively constitutional for an immigration detainee to be detained six months past the removal period following a final order of removal. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). After six months, a detainee may seek release by demonstrating a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Agyei–Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011). Not every detainee in custody will be entitled to release after the six-month period expires.

In *Andrade v. Gonzales*, 459 F.3d 538 (5th Cir. 2006), the United States Court of Appeals for the Fifth Circuit reiterated that *Zadvydas* creates no specific limits on detention. In fact, a detainee may be detained until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.* at 543 (citing *Zadvydas*, 533 U.S. at 701). The detainee bears the initial burden of proof to

show that no such likelihood of removal exists. *Id.* And the detainee must offer more than conclusory statements to support the claim. *Id.*

Stinson alleges it is "extremely unlikely" he will be removed to Russia in the reasonably foreseeable future "due to the Respondent's lack of travel documents, no evidence that the Russian embassy will issue any travel documents to Respondent, and due to the ongoing coronavirus pandemic and the restrictions on international travel." ECF No. 1 at 6.

According to the Declaration of Matthew Reaves, Assistant Officer in Charge, a travel document request was submitted to the Consulate of Russia on June 17, 2020. ECF No. 5-1 at 2. On September 1, 2020, the Russian consulate advised that Stinson's Russian citizenship was verified and that "a travel document was available." *Id.* Therefore, Stinson was scheduled for a charter flight to Russia scheduled to depart on December 2, 2020. *Id.*

The Russian Federation Consulate conducted an interview with Stinson on November 30, 2020. However, Stinson refused to sign the documents necessary for the consulate to issue the travel document. *Id.* at 3. Thus, Stinson could not be removed on the December flight. Stinson was issued a Notice of Failure to Comply, informing Stinson that his custody status has been reviewed, and he was not being released from custody. *Id.*

Thus, the "lack of travel documents" is attributable to Stinson's failure to comply with his removal. Stinson's removal period can, of necessity, be extended indefinitely if he fails to comply with efforts to remove him. *See* 8 U.S.C. §

3

1231(a)(1)(C); *Balogun v. INS*, 9 F.3d 347 (5th Cir. 1993) (six-month period equitably tolled until detainee begins to cooperate with repatriation efforts or his obstruction no longer prevents repatriation); *Canhigh v. Bureau of Immigration & Customs Enf't*, 07-CV-209, 2008 WL 11394315, at *4 (S.D. Tex. June 9, 2008), *report and recommendation adopted*, 2008 WL 11394269 (S.D. Tex. July 8, 2008); *Francis v. Holder*, 2014 WL 4207593 (W.D. La. Aug. 25, 2014) (alien's extended detention was due to his refusal to speak with consulate).

Stinson argues that he cannot fill in the travel document if it is not translated to English. ECF No. 6 at 2; No. 1 at 5. However, the Declaration of Officer Reaves states that a translated document was provided to Stinson as early as February 20, 2020. ECF No. 5-1 at 2. Stinson still refused to sign the document. *Id.*

Stinson's argument that his removal is unlikely because there is "no evidence that the Russian embassy will issue any travel documents" also fails. According to Reaves's Declaration, the Russian consulate has verified Stinson's Russian citizenship and advised that "a travel document was available" once all documents are completed. ECF No. 5-1 at 2.

Stinson's argument that his removal is unlikely due to the ongoing pandemic and restrictions on international travel is conclusory. Stinson identifies no travel restrictions that would prevent his removal to Russia, and the record indicates that a charter flight to Russia was previously scheduled for December 2, 2020. ECF No. 5-1 at 2.

Stinson has not alleged any reason travel documents would be denied, nor has he identified any "particular individual barriers to his repatriation." *Idowu v. Ridge*, 3:03-CV-1293, 2003 WL 21805198, at *4 (N.D. Tex. Aug. 4, 2003) (citing *Fahim v. Ashcroft*, 227 F. Supp.2d 1359, 1366 (N.D. Ga. 2002). Stinson has presented no facts or evidence suggesting that his detention is "potentially permanent." *Andrade*, 459 F.3d at 543. Therefore, Stinson cannot establish that his removal is unlikely to occur in the reasonably foreseeable future.

### C. Stinson is not entitled to a bond hearing.

Stinson cites to Justice Breyer's dissent in *Jennings v. Rodriguez*, 138 S. Ct. 830, 876 (2018). He argues that categorically denying noncitizens bail violates the Eighth Amendment. ECF No. 1 at 18. However, recognizing that "[t]he cases before us . . . are not criminal cases," 138 S. Ct. at 864, Justice Breyer rested his dissent on the Fifth Amendment's Due Process Clause, not the Eighth Amendment's Excessive Bail Clause. *See id.* at 862 (Breyer, J. dissenting) ("The Due Process Clause foresees eligibility for bail as part of 'due process.'"). The Excessive Bail Clause does not "accord a right to bail in all cases, but merely [provides] that bail shall not be excessive in those cases where it is proper to grant bail." *Carlson v. Landon*, 342 U.S. 524, 545; *see also Leader v. Blackman*, 744 F. Supp. 500, 509 (S.D.N.Y. 1990) ("It is well settled that bail may be denied under many circumstances, including deportation cases, without violating any constitutional rights.").

Stinson fails to point to any authority establishing that it is proper to grant him bail under the Eighth Amendment. Stinson is a criminal alien, so his detention

5

was authorized during removal proceedings without the need for an individualized determination as to whether he presented flight risk. And, because he is removable under 8 U.S.C. § 1227(a)(2), his detention is still authorized beyond the removal period. 8 U.S.C. § 1231(a)(6).

Moreover, the record indicates that Stinson is responsible for his prolonged detention. Stinson would have been removed on December 2, 2020 had he signed the documents necessary for the consulate to issue his travel document. *Id.* at 3.

### III. Conclusion

Because Stinson cannot show he is entitled to relief, IT IS RECOMMENDED that his "Verified Petition for a Writ of Habeas Corpus and Complaint for Declaratory Relief and Motion for Immediate Rule to Show Cause Hearing" (ECF No. 1) be DENIED and DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, April 1, 2021.

                                                  JOSEPH H.L. PEREZ-MONTES
                                                UNITED STATES MAGISTRATE JUDGE